UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANDREW FIELDS                                                                           PLAINTIFF

v.                                                                     CIVIL ACTION NO. 3:08CV-P618-H

FEDERAL BUREAU OF PRISONS *et al.*                                                     DEFENDANTS

# MEMORANDUM OPINION

On May 11, 2010, the Court entered an Order directing Plaintiff to either pay the remaining balance of the filing fee or file a non-prisoner application to proceed without prepayment of fees.[1] Plaintiff was given 30 days to comply. The time for a response has expired, and Plaintiff has failed to comply with the Order or to show good cause for his failure to do so.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d

---

[1]This Court received a notice indicating that Plaintiff had been released from incarceration. A person released from incarceration may be released from his obligation to make further payment of fees if he applies and meets the requirements for *in forma pauperis* status. *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997) ("After release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status.").

413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Orders shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*

4412.008